United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA HERRINGTON, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC., *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-09-1597 CW (EMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY DISCOVERY; AND REQUIRING FURTHER MEET AND CONFER RE PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR ENTRY OF DISCOVERY PROTOCOL**<br><br>**(Docket Nos. 167, 173, 177)** |

　　Currently pending before the Court are three different discovery motions. A hearing was held on the three motions on July 28, 2010. This order memorializes the Court's rulings made at the hearing.

　　(1)　Johnson's motion to stay discovery is denied. Even though Johnson's motion to dismiss is supported by authority from another district court, it is not clear that Johnson will necessarily prevail and therefore discovery should not be stayed entirely. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (noting that "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case" and that, "[i]n this request, the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive'"). On the other hand, given the pending motion to dismiss, it makes sense to phase discovery, narrowing the scope of the first phase of discovery pending decision on the motion to dismiss.

(2) The parties shall further meet and confer regarding Plaintiffs' motion to compel. Discovery shall be conducted in phases. In the first phase, *i.e.*, the phase prior to Judge Wilken's ruling on the motion to dismiss, discovery shall, as a general matter, be limited to the nine products identified in the complaint and the two chemicals specified in the complaint, *i.e.*, 1,4-dioxane and formaldehyde. In addition, discovery shall be limited to "core" documents -- *e.g.*, documents about testing or analysis and documents describing representations made to the public, etc. and, not, *e.g.*, documents related to other lawsuits, consumer complaint, etc., which is secondary relative to core documents. Moreover, the relevant time period should be narrowed in this first phase.

The parties are to meet and confer to determine whether they can reach an agreement, based on the above guidance and that provided at the hearing, on what documents should be produced. Counsel with full and complete authority on discovery matters must participate in the meet and confer. The meet and confer shall include a discussion regarding search terms and custodian of records.

If, after meeting and conferring with participation by lead counsel, the parties are unable to resolve all disputes, then they shall file a joint letter, no longer than five single-spaced pages, stating what each remaining dispute is and the parties' respective positions on each dispute. The parties shall include their last offers of compromise on each dispute. Any joint letter shall be filed no later than **September 3, 2010**.

(3) The parties are ordered to further meet and confer regarding Plaintiffs' motion for entry of a discovery protocol. The parties shall take into account the guidance provided by the Court at the hearing. For example, the parties may wish to split the cost of converting hard copy documents into an electronic format. Also, if Defendants' systems (*e.g.*, Concordance) do not automatically provide a certain field as meta data or other data, Defendants shall not be required to manually provide that

///
///
///
///

information unless Plaintiffs agree to bear the reasonable cost. As noted at the hearing, whether by way of meta data or other means, Defendants are obliged to describe redactions and confidential information withheld. The parties' joint proposed discovery protocol shall be filed with the Court by **August 6, 2010**.

IT IS SO ORDERED.

Dated: July 29, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3